# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

VICTORIA CAVADIAS, *Individually and as the Personal Representative of the Estate of Larry Wendt*,

                Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, SOO LINE RAILROAD COMPANY, CANADIAN PACIFIC RAILWAY, and WISCONSIN CENTRAL LTD,

                Defendants.

Case No. 17-CV-71-JPS

ORDER

---

On September 13, 2017, after Defendants Union Pacific Railroad Company ("Union Pacific") and Wisconsin Central Limited ("Wisconsin Central") had each filed a motion for summary judgment, *see* (Docket #35 and #38), Plaintiff filed a motion for voluntary dismissal of this entire action without prejudice. (Docket #42). She indicates that because she has not yet been appointed executrix to the estate of the original plaintiff, Larry Wendt ("Wendt"), she does not have standing to prosecute this case. (Docket #43 at 2).

All Defendants except for Wisconsin Central consent to dismissal without prejudice. (Docket #42 at 1-2). Wisconsin Central filed an opposition to Plaintiff's motion, stating that it prefers dismissal with prejudice "because [Wisconsin Central] is not a proper defendant." (Docket #44 at 1). Wisconsin's Central argues that it has expended time and

resources defending itself in this litigation and does not want to start anew defending itself in a later-filed lawsuit on the same claim, which it believes is meritless. *Id.* at 1-3.

Federal Rule of Civil Procedure 41(a)(2) provides that, after service of an answer or motion for summary judgment, an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The district court enjoys wide discretion in considering Rule 41 motions, and the plaintiff bears the burden of persuasion. *See Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 177 (7th Cir. 1994) (citing *F.D.I.C. v. Knostman,* 966 F.2d 1133, 1142 (7th Cir. 1992)).

The Seventh Circuit instructs that courts should not grant dismissal without prejudice if the defendant would suffer "plain legal prejudice" as a result. *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir. 1988). The Court considers four factors in determining whether a defendant would suffer plain legal prejudice: (1) the defendant's effort and expense of preparation for trial; (2) whether there has been excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) the sufficiency of the plaintiff's explanation for the need to take a dismissal, and (4) whether the defendant has filed a motion for summary judgment. *Knostman,* 966 F.2d at 1142. The Court need not resolve every factor in favor of the moving party to dismiss without prejudice. *Kovalic,* 855 F.2d at 471.

The second and third factors weigh in Plaintiff's favor. As to the second factor, Plaintiff has not delayed excessively in bringing her motion to dismiss. This case was filed by the now-deceased former plaintiff, Wendt, on January 18, 2017. Wendt died on February 12, 2017, and on April 11, 2017, Plaintiff filed an amended complaint, taking Wendt's position as the plaintiff. *See* (Docket #20 at 1 and #24). Plaintiff's motion to voluntarily

dismiss was filed five months later, on September 13, 2017, shortly after two Defendants filed motions for summary judgment. (Docket #42). While Defendants (and the Court) might have preferred that Plaintiff moved to dismiss before any dispositive motions were filed, the Court cannot say that a period of five months between the time when Plaintiff was substituted into the case and when she moved to dismiss because she lacks standing, during which time Plaintiff mistakenly believed she did have proper standing, *see* (Docket #42 at 2), is excessive.

As to the third factor, Plaintiff's reason for dismissal, that she does not have standing to prosecute this action at this time, is sufficient; in fact, none of the Defendants contest Plaintiff's reason for dismissal. Without a proper plaintiff, the case cannot proceed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (Standing is an "indispensable part of the plaintiff's case.").

The first and fourth factors present a closer question, but ultimately do not preclude dismissal without prejudice. Wisconsin Central may well have expended considerable time and resources compiling its motion for summary judgment, but the Court has no way to measure that expenditure because Wisconsin Central has not apprised the Court of its efforts. Further, much of the effort and expense Wisconsin Central used to compile its summary judgment motion could likely be directed toward another similar motion in a subsequent case, should Plaintiff choose to refile.

Ultimately, Wisconsin Central's argument for dismissal with prejudice centers on its belief that Plaintiff cannot prove a claim against it under the Federal Employers' Liability Act ("FELA"); Wisconsin Central does not want to litigate that issue in a subsequent case. (Docket #44 at 1-2). But the prospect of a second lawsuit on the same facts and claim does not constitute plain legal prejudice sufficient to require denial of a plaintiff's

motion to dismiss without prejudice. *Quad/Graphics, Inc. v. Fass,* 724 F.2d 1230, 1233 (7th Cir. 1983). Wisconsin Central's liability under FELA is an issue for a later case, should Plaintiff decide to bring one.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to voluntarily dismiss without prejudice (Docket #42) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Union Pacific Railroad Company's motion for summary judgment (Docket #35) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant Wisconsin Central Limited's motion for summary judgment (Docket #38) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge